UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOHNNY LEE CHAVIS,

        Petitioner,

v.

                                  Criminal No. 4:12cr47
                                  Civil No. 4:20cv129

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on a _pro se_ Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Johnny Lee Chavis ("Petitioner") pursuant to 28 U.S.C. § 2255. ECF No. 328. For the reasons stated below, Petitioner's motion is **DISMISSED as untimely.**

### I. BACKGROUND

On August 15, 2012, a grand jury returned a multi-count indictment against Petitioner and seven co-defendants. ECF No. 43. The indictment charged Petitioner with three counts: (1) conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (3) possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 43, at 2, 7-8.

On February 11, 2013, Petitioner entered into a plea agreement with the Government and pled guilty to a lesser included offense of the conspiracy charge: conspiracy to possess with intent to distribute and distribution of more than 100 grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). ECF No. 180. In exchange, the Government agreed to dismiss the other two charges. Id. While Petitioner admitted to a statutory threshold drug weight of "more than 100 grams of heroin," Petitioner's PSR attributed Petitioner with one kilogram of heroin based on statements made by an unindicted co-conspirator ("UC"). ECF No. 209 ¶ 15. Petitioner objected to the attribution of one kilogram of heroin, arguing that the proper drug weight is at least 100 grams but less than 400 grams of heroin. ECF No. 214 ¶ 4.

At the sentencing hearing on May 16, 2013, Petitioner's counsel challenged the UC's ability to accurately identify one kilogram of heroin and noted that no other witness referenced in the PSR identified Petitioner with large quantities of heroin. The Government countered that the UC had a number of interactions with Petitioner throughout the conspiracy and saw Petitioner in possession of one kilogram of heroin on two separate occasions. The Government also argued that Petitioner's role in the conspiracy—selling heroin to other dealers in the Virginia Peninsula—supported the UC's observation that Petitioner possessed

one kilogram of heroin. Neither the Government nor Petitioner called the UC to the stand to testify.

The Court found that the UC's statements in the PSR were sufficiently reliable to satisfy the Government's threshold burden with respect to drug quantity, thereby shifting the burden to Petitioner to show the unreliability or inaccuracy of the UC's statement. Petitioner did not testify or introduce any evidence on this point. Accordingly, the Court overruled Petitioner's objection and adopted the facts set forth in the PSR. See ECF No. 215.

Based on a drug quantity of one kilogram of heroin, Petitioner had a Guideline base offense level of 32. ECF No. 220, at 29. Petitioner then received a two-level enhancement for possessing a dangerous weapon and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. Id. at 29, 33. As for criminal history, Petitioner received a Category III designation. Id. at 32. Based on an offense level of 31 and a Category III criminal history, Petitioner's advisory Guideline range was 135-168 months. The Court sentenced Petitioner to 135 months of imprisonment—the low-end of his Guideline range. ECF No. 217.

On September 5, 2017, Petitioner moved for a sentence reduction pursuant to Amendments 782 and 788 of the Guidelines, ECF No. 304, and the Government filed a motion in support, ECF No.

3

307.[1]  On October 2, 2017, this Court granted Petitioner's motion and reduced his sentence to 108 months—the low end of Petitioner's amended Guidelines range.  ECF No. 309.

On August 10, 2020, Petitioner filed the instant § 2255 motion.  ECF No. 328.  The Government filed its opposition on October 8, 2020, contending that Petitioner's § 2255 motion is time barred, ECF No. 330, at 4-9, and Petitioner filed a reply brief soon thereafter, ECF No. 331.

## II. STANDARD OF REVIEW

A federal prisoner in custody may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a petitioner must prove by a preponderance of the evidence (1) that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) that the district court "was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum authorized by law," or (4) that the sentence or conviction is "otherwise subject to collateral attack."  Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  Because a § 2255 motion "is ordinarily presented to the judge who presided at the original

---

[1] Under Amendment 782, the United States Sentencing Commission reduced the base offense level for drug offenses by two levels.  U.S. Sent'g Guidelines Manual supp. app. C, amend. 782 (U.S. Sentencing Comm'n 2014).  Amendment 788 made that change retroactive.  Id. amend. 788.

4

conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

While a § 2255 motion enables a petitioner to collaterally attack his sentence or conviction by initiating a new proceeding, the existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect."[2]  Id. at 165-66.

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion.  28 U.S.C. § 2255(f).  The one-year limitations period begins running on the latest of four dates: (1) the "date on which the judgment of conviction becomes final," (2) the date on which

---

[2] The "higher hurdle" does not, however, apply to a freestanding claim of ineffective assistance of counsel, as such a claim is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

5

certain government-created impediments to filing are removed, (3) the date on which a new right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which facts supporting the claim "could have been discovered through due diligence." Id.

Notably, the one-year limitations period in § 2255(f) may, in certain circumstances, be tolled for equitable reasons. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling of the statute of limitations in § 2255 proceedings is, however, rarely appropriate. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Indeed, equitable tolling is available only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. A petitioner requesting equitable tolling "bears a strong burden to show specific facts" that prove both elements. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (emphasis added) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted).

### III. DISCUSSION

Petitioner's § 2255 motion and reply brief are not entirely clear about the types of claims Petitioner is asserting; however, the Court has identified what appear to be three distinct claims: (1) ineffective assistance of counsel, (2) failure to disclose

Brady material, and (3) actual innocence. See ECF No. 328, at 4, 8; ECF No. 331, at 2, 4, 6. All three claims turn on the quantity of heroin attributed to Petitioner in the PSR. For its part, the Government does not address the merits of any of Petitioner's claims, arguing instead that Petitioner's § 2255 motion is untimely under § 2255(f) and that equitable tolling is inappropriate. See ECF No. 330, at 4-9.

### A. Statute of Limitations

As stated above, § 2255(f) imposes a one-year statute of limitations that commences on the latest of four dates. See id. Relevant here are subsection (f)(1), wherein the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final," and subsection (f)(4), wherein the one-year limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through due diligence." Id. § 2255(f)(1), (4).

There is no dispute that Petitioner failed to timely file his motion under § 2255(f)(1). Petitioner's conviction became final on June 7, 2013;[3] therefore, he had to file his § 2255 motion by June 7, 2014. See id. § 2255(f)(1). However, Petitioner did not file his § 2255 motion until August 10, 2020—over seven years later. See ECF No. 328.

---

[3] Because Petitioner did not file a direct appeal, his conviction became final fourteen days after this Court entered his judgment of conviction on May 24, 2013. See ECF No. 217; Fed. R. App. P. 4(b)(1)(A).

7

Recognizing his delay, Petitioner asserts that his motion satisfies the alternative limitations period set forth in § 2255(f)(4) because it is based on "newly discovered" evidence. ECF No. 331, at 1-2. Petitioner's "newly discovered" evidence is an investigation report prepared by the Department of Homeland Security ("DHS report"). Id. at 1. The DHS report reveals that the UC made inaccurate observations about Petitioner's weight and tattoos during the same interview in which she reported that she saw Petitioner with one kilogram of heroin on two separate occasions. ECF No. 331-1, at 2; ECF No. 220, at 2. The PSR did not include the UC's inaccurate observations, but it did include the UC's statement that she saw Petitioner with one kilogram of heroin twice. ECF No. 220 ¶ 15. Petitioner alleges that he filed his § 2255 motion over seven years after this Court sentenced him because the PSR did not contain the UC's inaccurate observations and he only recently "came across" the DHS report. ECF No. 331, at 8. Petitioner asserts that if he had known about the DHS report at his sentencing, he would have used it to attack the UC's credibility in order to reduce the drug weight attributed in the PSR.[4] See id. at 2.

---

[4] The Government's opposition brief interprets Petitioner's § 2255 motion as arguing that Petitioner did not have access to his PSR, not the DHS report. See ECF No. 330, at 7. This miscommunication is understandable, however, given that Petitioner called the DHS report an "Investigation Report" in his § 2255 motion, never mentioned it was a DHS report in his original motion, and only attached the DHS report as an exhibit to his reply

But even assuming it is true that Petitioner only recently became aware of the DHS report, lack of actual knowledge is not enough to satisfy § 2255(f)(4). The standard under § 2255(f)(4) is an objective one: the limitations period commences on the date when the facts supporting the claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added); see also United States v. Patel, No. 5:11cr31, 2018 WL 6579989, at *8 (W.D. Va. Dec. 13, 2018) ("[Section] 2255(f)(4) does not contain an actual notice standard, rather, it is a due diligence one"). Due diligence, at a minimum, requires "that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008). A mere allegation that the facts underlying a claim were unknown does not establish due diligence. United States v. McCord, No. 3:06cr264, 2021 WL 3934801, at *3 (E.D. Va. Sept. 2, 2021); accord In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997)). Rather, a petitioner "must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final." McCord, 2021 WL 3934801, at *3.

Here, Petitioner must show that it was reasonable for him to take seven years to discover the DHS report. See United States v.

---

brief. See ECF Nos. 328, 331, 331-1. In any case, this miscommunication does not alter the Court's analysis.

9

Smith, No. 3:10cr210, 2017 WL 4249632, at *3 (E.D. Va. Sept. 25, 2017). Based on the record before the Court, Petitioner falls far short of his burden, as he provides little, if any, information regarding his diligence. The most information Petitioner provides is that he recently "came across" the DHS report after "years of searching for a break" in his case. ECF No. 331, at 8. Petitioner does not state when he began his search for the DHS report, what prompted him to begin his search for the DHS report, what measures he took to obtain the DHS report, how he obtained the DHS report, or even whether he had the DHS report for some time before he "came across" it. See ECF Nos. 328, 331. Petitioner fails to offer any facts—or even unsubstantiated argument—revealing why a reasonable investigation would not have unearthed the UC's statements any earlier than seven years after his conviction became final. Petitioner's argument is essentially that he acted with diligence because he did not know about the DHS report until shortly before he filed his § 2255 motion. See ECF No. 331, at 4. The Court appreciates Petitioner's argument, but lack of knowledge alone does not satisfy § 2255(f)(4). See McCord, 2021 WL 3934801, at *3; In re Boshears, 110 F.3d at 1540.

Although Petitioner's failure to document his diligence prevents this Court from performing an in-depth analysis, the Court notes that Petitioner should have been motivated to challenge the UC's observations by the time he saw the PSR in 2013. The PSR

10

clearly states that the UC identified Petitioner with one kilogram of heroin on <u>two separate occasions</u> and that the UC's observation formed the basis for the amount of heroin Petitioner is attributed with in the PSR. ECF No. 220 ¶ 15. However, Petitioner does not allege that he asked his attorney to investigate the UC's statements before sentencing or that his attorney declined such a request. To the contrary, Petitioner's counsel raised the issue of whether the UC could accurately identify one kilogram of heroin at the sentencing hearing, suggesting that Petitioner was well aware that the UC's credibility was a central issue in his case as early as May 2013. Thus, for the reasons outlined above, the Court finds that Petitioner's § 2255 motion does not satisfy § 2255(f)(4).

Because Petitioner's § 2255 motion does not satisfy subsections (f)(1) or (f)(4), and because Petitioner has not presented any argument (or evidence) that subsections (f)(2) or (f)(3) apply, the Court concludes that Petitioner's motion is untimely under § 2255(f).

### B. Equitable Tolling

Because Petitioner's § 2255 motion is untimely under § 2255(f), the Court must dismiss Petitioner's motion unless he can show that equitable tolling is appropriate here. While Petitioner's § 2255 motion does not address equitable tolling, <u>see</u> ECF No. 328, the Government raises the issue in its opposition

11

brief, ECF No. 330, at 8-9, and Petitioner addresses the argument in his reply brief, ECF No. 331, at 5-8. Given Petitioner's pro se status, the Court will consider whether equitable tolling applies.

As a general matter, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Because it must be applied sparingly, a petitioner is entitled to equitable tolling only if he can establish that he diligently pursued his rights and that an "extraordinary circumstance" delayed his filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Harris, 209 F.3d at 330.

For the same reasons stated in the previous section, Petitioner has not shown that he pursued his rights diligently. Petitioner contends that he filed his § 2255 motion after he "came across" the DHS report, but Petitioner fails to establish when he learned about the DHS report, when he began searching for the DHS report, how he obtained the DHS report, or if he had the DHS report for some time before he "came across" it. See ECF Nos. 328, 331. Without such critical information, the Court cannot conclude that Petitioner diligently pursued his rights over the last seven years. See United States v. Turner, No. 3:18cr158, 2021 WL 3934322, at *2

(E.D. Va. Sept. 2, 2021) (finding equitable tolling inappropriate because the petitioner "fail[ed] to outline any action, much less any specific action, that he took . . . to attempt to prepare or file his § 2255 motion."). Because Petitioner cannot show that he diligently pursued his claims, equitable tolling is inappropriate here.

Moreover, even if Petitioner pursued his claims diligently, he has failed to articulate an extraordinary circumstance that prevented him from filing his § 2255 motion earlier. Petitioner's claim that his counsel was ineffective is unpersuasive, as such a claim "generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (citing Harris, 209 F.3d at 331). Furthermore, the UC's inconsistencies about Petitioner's weight and tattoos are largely immaterial.[5] Petitioner's claim that the Government allegedly failed to disclose the DHS report is likewise unpersuasive because "the Constitution does not require

---

[5] The UC's errors regarding Petitioner's weight and tattoos do not demonstrate Petitioner's innocence, as Petitioner admits he sold heroin. ECF No. 328, at 4. Nor do the errors undermine the UC's ability to perceive one kilogram of heroin on two separate occasions during the course of many drug transactions. ECF No. 220 ¶ 15. Even if the UC's statements about Petitioner's tattoos and weight were somewhat inaccurate, the UC identified Petitioner by name and recognized Petitioner as her dealer when presented with a picture. ECF No. 331-1, at 2. The UC also accurately recited Petitioner's height, Petitioner's relation to one of his co-conspirators, Petitioner's employment at the time, and the fact that Petitioner was on probation. ECF No. 331-1, at 2; ECF No. 220, at 2, 20, 25. Moreover, Petitioner's role in the conspiracy—selling heroin to other dealers—explains why the UC saw Petitioner with large quantities of heroin two separate times. See ECF No. 181 ¶ 1.

the Government to disclose material <u>impeachment</u> evidence prior to entering a plea agreement with a criminal defendant."[6] <u>United States v. Ruiz</u>, 536 U.S. 622, 633 (2002) (emphasis added); <u>see also</u> <u>Blount v. Clarke</u>, 1:19cv540, 2020 WL 4323160, at *3 (E.D. Va. July 27, 2020) (rejecting a petitioner's argument that an alleged <u>Brady</u> violation justifies equitable tolling). Finally, to the extent Petitioner raises an actual innocence claim, he does not present an extraordinary circumstance because his claim is essentially that a sentencing enhancement under the advisory Guidelines does not apply to him. Relief under § 2255 generally cannot be based on Guidelines errors if the petitioner received a sentence within the applicable statutory range, as is the case here.[7] <u>See</u> <u>United States v. Foote</u>, 784 F.3d 931, 940-43 (4th Cir. 2015); <u>United States v. Pregent</u>, 190 F.3d 279, 283-84 (4th Cir. 1999).

In light of the record before the Court, Petitioner fails to demonstrate diligence and also fails to present an extraordinary

---

[6] On a related note, Petitioner's reply brief indicates that the sentencing transcript reveals admissions by the Government at sentencing that the UC was not credible. ECF No. 331, at 6-7. Not only is the Court not aware of any transcript being prepared in this case, but the Court's independent recollection of the sentencing hearing in this case is that the Government made no such statement. To the contrary, the Government expressly argued that the UC was credible based in part on the fact that she had many contacts with Petitioner.

[7] Petitioner pled guilty to more than 100 grams of heroin, an offense with a statutory range of 5-40 years of imprisonment. 21 U.S.C. § 841(b)(1)(B). The Court initially sentenced Petitioner in May 2013 to just over eleven years and later reduced that sentence to nine years.

circumstance to justify his delayed filing. As a result, equitable tolling is inappropriate here.[8]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion is **DISMISSED as untimely.** ECF No. 328. Because the procedural basis for dismissing Petitioner's § 2255 motion is not debatable, a certificate of appealability is **DENIED.** Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

---

[8] Petitioner's reply brief appears to raise ineffective assistance of counsel arguments related to alleged promises from the Government during Petitioner's plea proceedings that did not ultimately come true. See ECF No. 328, at 10; ECF No. 331, at 7. To the extent that he is, these claims are clearly untimely as Petitioner was aware that these alleged promises did not come to fruition years before he filed the instant § 2255 motion. See ECF No. 311; ECF No. 331, at 7. Accordingly, the Court finds that these claims are untimely under § 2255(f) and that equitable tolling is inappropriate.

15

The Clerk is **REQUESTED** to send a copy of his Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 5, 2021

16